**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WADE ROSS WADLEY,

    Defendant-Appellant.

No. 05-4230

(D.C. No. 2:03-CR-658-DAK)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Mr. Wadley pleaded guilty to nine counts of Hobbs Act robberies. He admitted to robbing various retail establishments located in one area of Salt Lake City. During the robberies, Mr. Wadley intimated that he had a gun in his pocket

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

or waistband as he demanded money from the till. Generally, he robbed stores where the cashiers were female and alone. Before escaping, Mr. Wadley would order the woman to lie down on the floor and to wait ten minutes.

Mr. Wadley objected to the presentence report, specifically that (1) he was not eligible for an adjustment of possessing or brandishing a weapon because he didn't actually have a gun and (2) he was not eligible for enhancement of physical restraint of a victim. The district court heard arguments from both parties and, "using the guidelines in an advisory way," sentenced Mr. Wadley to 140 months' imprisonment, the low end of the guideline range. Transcript of Sentencing at 18, Case No. 2:03-cr-00658-DAK (D. Utah Aug. 22, 2005). Mr. Wadley appeals his sentence, arguing that his Sixth Amendment rights were violated under *United States v. Booker*, 543 U.S. 220 (2005), because his sentence was enhanced based on judge-found facts.

We review sentences imposed by the district court for reasonableness. *United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006). First, even if the sentence enhancements of brandishing a weapon or restraining a victim are considered to be judge-found facts in this case, the district court did not violate Mr. Wadley's Sixth Amendment rights in applying them to his sentence. The district court stated emphatically that it was using the guidelines in an advisory way. "*Booker*, quite clearly, does not prohibit the district court from making factual findings and applying the enhancements and adjustments to [a

defendant's] sentence as long as it did not view or apply the Guidelines as mandatory." *United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir. 2005).

Second, although Mr. Wadley objected to the presentence report and *argued* that he never admitted to carrying a weapon or physically restraining a victim, he cannot claim that these were judge-found facts. Rather, in his own written plea, Mr. Wadley's words and description of his actions stand for an admittance: "I pretended to have a gun, and the cashier gave me some money out of the register. I ordered the cashier to the rear of the store, ordered her to the ground and told her to stay there for ten minutes." Statement by Defendant in Advance of Plea of Guilty, 4 (D. Utah Mar. 23, 2005).

We have carefully reviewed the briefs of Appellant and Appellee, the district court's disposition, and the record on appeal. We **AFFIRM** Appellant's sentence.

Entered for the Court

Monroe G. McKay
Circuit Judge