**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

WADE ROSS WADLEY,

   Defendant - Appellant.

No. 09-4074
(D. Utah)
(D.C. Nos. 2:07-CV-00869-DAK and
2:03-CR-00658-DAK-1)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Petitioner, Wade Ross Wadley, seeks a certificate of appealability ("COA")

from this court so he can appeal the district court's denial of the motion to vacate,

set aside, or correct sentence he brought pursuant to 28 U.S.C. § 2255. *See* 28

U.S.C. § 2253(c)(1)(B) (providing a movant may not appeal the denial of a

§ 2255 motion unless he first obtains a COA). Wadley pleaded guilty to nine

counts of Hobbs Act robbery and two firearm charges. Wadley then filed a direct

appeal challenging the 140-month sentence imposed by the district court. *United*

*States v. Wadley*, 191 F. App'x 799, 800 (10th Cir. 2006). The sentence was

affirmed. *Id*.

Wadley filed the instant § 2255 motion on November 9, 2007. In the motion he raised (1) several challenges to the jurisdiction of the trial court, (2) a claim the application of the Hobbs Act to his offenses was unconstitutional, (3) a double jeopardy argument, and (4) allegations of ineffective assistance of counsel. The district court denied Wadley's § 2255 motion, concluding all the claims lacked merit.

In his appellate brief, Wadley challenges the disposition of the jurisdictional issues and the Hobbs Act claim. To be entitled to a COA, Wadley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Wadley has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Wadley need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Wadley's application for a COA and appellate filings, the district court's order, and the entire record on appeal

-2-

pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Wadley's § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Wadley's request for a COA and **dismisses** this appeal. Wadley's motion to proceed *in forma pauperis* on appeal is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge